IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TOMMIE HENDRICK, | ) |
|         Plaintiff, | ) |
| v. | ) No. 20-cv-249 |
| CITY OF CHICAGO and CHICAGO POLICE OFFICERS MICHAEL BRYANT, #10680, JULIO PEREZ, #17150, and A. ALLEY, #9516, | ) |
|         Defendants. | ) |

**COMPLAINT**

NOW COMES the Plaintiff, TOMMIE HENDRICK, by and through counsel, SAMUELS & ASSOCIATES, LTD., and complaining of the defendants, CITY OF CHICAGO and CHICAGO POLICE OFFICERS MICHAEL BRYANT, #10680, JULIO PEREZ, #17150, and A. ALLEY, #9516, states as follows:

**INTRODUCTION**

Tommie Hendrick is a 21-year-old Senior at Southern Illinois University where he majors in Graphic Design and minors in Cinematography. While home for the summer, he worked shooting music videos for local artists and producing commercials for local businesses and not-for-profits. On 7 August 2019, he was hanging out with friends in the Cabrini Rowhouses that he calls home when Chicago Police Officers approached them with guns drawn, threatening to shoot them if any moved even though none of them had been or were even suspected of committing a crime.

1

Despite a consent decree and public avowals of the department's commitment to the sanctity of life and de-escalation of force, Chicago Police officers continue to gratuitously and unlawfully point their weapons at citizens.

This is a civil action seeking damages against defendants for committing acts under color of law and depriving Plaintiff of his rights secured by the Constitution and laws of the United States.

## JURISDICTION

1. This action is brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2. The jurisdiction of this Court is invoked pursuant to the judicial code 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States.

3. Pendent jurisdiction as provided under 28 U.S.C. § 1367(a).

## PARTIES

4. Plaintiff TOMMIE HENDRICK is a citizen of the United States of America, who, at all times relevant, resided in Cook County, Illinois.

5. Defendants MICHAEL BRYANT, #10680, JULIO PEREZ, #17150, and A. ALLEY, #9516, ("Defendant Officers") were, at the time of this occurrence, duly licensed Chicago Police Officers. They engaged in the conduct complained of in the course and scope of their employment and under color of law. They are sued in their individual capacities.

6. DEFENDANT CITY OF CHICAGO ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant Officers.

**FACTS**

7. On or around 7 August 2019, Plaintiff TOMMIE HENDRICK was standing with friends near Oak Street and Cambridge Avenue, in the area of the Cabrini Rowhouses.

8. At that time, DEFENDANT OFFICERS drove the wrong direction down a one-way street, stopped their vehicle in front of them, and pointed weapons at the group. DEFENDANT OFFICERS ordered Plaintiff and others to put their hands up, freeze, and that they would be shot if they moved.

9. At all times relevant, TOMMIE HENDRICK was unarmed and posed no threat to anyone. At the time that he was illegally seized, he had not been committing a crime and was not about to commit a crime. There was no reasonable and articulable suspicion, probable cause, or any other lawful basis to seize Plaintiff.

10. The pointing of weapons at TOMMIE HENDRICK when he posed no threat whatsoever constituted unreasonable and excessive force.

11. DEFENDANT OFFICERS then took off after an individual who had been running.

12. Because DEFENDANT OFFICERS had just told PLAINTIFF that they intended to shoot anyone who ran, PLAINTIFF began recording the encounter.

13. While PLAINTIFF was standing on the sidewalk, DEFENDANT BRYANT went out of his way to confront PLAINTIFF.

14. As DEFENDANT BRYANT approached PLAINTIFF, he placed his hand on his weapon.

15. Without a lawful basis, DEFENDANT BRYANT swatted PLAINTIFF's phone out of his hand, causing it damage. DEFENDANT BRYANT also made physical contact with PLAINTIFF's person, causing scratches and bruising.

16. The acts of DEFENDANT OFFICERS were intentional, willful and wanton.

17. As a direct and proximate result of the unlawful actions of the defendants, Plaintiff was injured, including physical injuries, pain and suffering, humiliation, embarrassment, fear, emotional trauma, mental anguish, the deprivation of their constitutional rights and dignity, interference with a normal life, lost time, and attorneys' fees.

## COUNT I: 42 U.S.C. § 1983 – Excessive Force

18. Plaintiff realleges each of the foregoing paragraphs as though fully set forth here.

19. The actions of the Defendant Officers constituted unreasonable, unjustifiable, and excessive force against Plaintiff, thus violating his rights under the Fourth and Fourteenth Amendment to the Constitution of the United States.

20. The City of Chicago has a documented history of using excessive force, especially against young, African-American males like Plaintiff.

21. Pointing a weapon at someone who does not pose a threat and is unarmed constitutes excessive force.

22. Despite this, the City does not document when its officers point their weapons at citizens.

23. The Department of Justice found that, "CPD does not investigate or review these force incidents involving less than lethal force to determine whether its responses to these events were appropriate or lawful, or whether force could have been avoided."

24. The Department of Justice further found that, CPD policy requires officers to report force but, in practice, "officers are not required to provide detail about the force they used that is sufficient for an adequate review, and most officer force is not reviewed or investigated…As a result of so few force incidents being even nominally investigated, and the low quality of the force investigations that do occur, there is no meaningful, systemic accountability for officers who use force in violation of the law or CPD policy."

25. According to the consent decree, the Chicago Police Department was required by 1 January 2019 to, "develop a training bulletin that provides guidance on weapons discipline, including circumstances in which officers should and should not point a firearm at a person…[and] clarify in policy that when a CPD officer points a firearm at a person to detain the person, an investigatory stop or an arrest has occurred, which must be documented. CPD will also clarify in policy that officers will only point a firearm at a person when objectively reasonable under the totality of the circumstances." *State of Illinois v. City of Chicago,* Case No. 17-cv-06260, Dkt. 703-1, Consent Decree, at ¶¶ 188-189.

26. Further, to be constitutionally-compliant, "[b]eginning July 1, 2019, CPD officers will, at a minimum, promptly after the incident is concluded, notify OEMC of investigatory stop or arrest occurrences in which a CPD officer points a firearm at a person in the course of effecting the seizure." *Id.* at ¶ 189.

27. Despite these requirements, the City of Chicago has not implemented any policy regarding its officers' pointing a firearm at a person.

28. Despite these requirements, there was notification made that a firearm had been pointed at TOMMIE HENDRICK and his friends.

29. CPD's refusal to train and document when its officers point a weapon at someone was the moving force of the constitutional violations caused here.

30. As a direct and proximate result of the above-detailed actions of the defendants, Plaintiff was injured, including severe pain, physical injury, mental suffering, anguish and humiliation, emotional distress, and fear.

WHEREFORE the Plaintiff, TOMMIE HENDRICK, purusant to 42 U.S.C. § 1983, demands judgment against the defendants, CITY OF CHICAGO, MICHAEL BRYANT, #10680, JULIO PEREZ, #17150, and A. ALLEY, #9516, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT II: 42 U.S.C. § 1983 – Illegal Seizure

31. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

32. The actions of Defendant Officers, described above, knowingly caused Plaintiff to be seized without any legal justification, constituted a deliberate indifference

to Plaintiff's rights under U.S. Constitution in violation of the Fourth and Fourteenth Amendment.

33. As a proximate result of the above-detailed actions, Plaintiff was injured, including the deprivation of his liberty and the taking of his person. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, including but not limited to attorneys' fees, all to Plaintiff's damage.

WHEREFORE the Plaintiff, TOMMIE HENDRICK, purusant to 42 U.S.C. § 1983, demands judgment against the defendants, MICHAEL BRYANT, #10680, JULIO PEREZ, #17150, and A. ALLEY, #9516, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT III: 745 ILCS 10/9-102 – Indemnification

34. Plaintiffs reallege each of the foregoing paragraphs as if fully set forth here.
35. Defendant City of Chicago is the employer of the Defendant Officers.
36. Defendant Officers committed the acts alleged above under color of law and in the scope of her employment as an employee of the City of Chicago.

WHEREFORE the Plaintiff, TOMMIE HENDRICK, demands that, should any Defendant Officer be found liable on one or more of the claims set forth above, pursuant to 745 ILCS 10/9-102, the Defendant, CITY OF CHICAGO, be found liable for any judgment Plaintiffs obtain, as well as attorney's fees and costs awarded.

## COUNT IV: Assault

26. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

27. By the actions detailed above, the Defendant Officers intentionally placed Plaintiff in reasonable apprehension of receiving offensive bodily contact.

28. By the actions detailed above, and as a direct and proximate result of the assault, Plaintiff was harmed.

29. Defendant City is sued in this count pursuant to the doctrine of *respondeat superior*, in that Defendant Officers performed the actions complained of while on duty and/or in the employ of Defendant City, and while acting within the scope of that employment.

WHEREFORE the Plaintiff, TOMMIE HENDRICK, demands judgment against the Defendants, CITY OF CHICAGO and DEFENDANT OFFICERS, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT V: Battery

30. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

31. By the actions detailed above, the Defendant Bryant intentionally made unwanted and offensive bodily contact against Plaintiff and inflicted harm to Plaintiff.

32. By the actions detailed above, and as a direct and proximate result of the battery, Plaintiff was harmed.

33. Defendant City is sued in this count pursuant to the doctrine of *respondeat superior*, in that Defendant Bryant performed the actions complained of while on duty and/or in the employ of Defendant City, and while acting within the scope of that employment.

WHEREFORE the Plaintiff, TOMMIE HENDRICK, demands judgment against the Defendants, CITY OF CHICAGO and DEFENDANT BRYANT, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT VI: Intentional Infliction of Emotional Distress

34. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

35. The above-detailed conduct by Defendant Officers was extreme and outrageous, exceeding all bounds of human decency.

36. Defendants Officers performed the acts detailed above with the intent of inflicting severe emotional distress or with knowledge of the high probability that the conduct would cause such distress.

37. Defendant City of Chicago is sued in this to the doctrine of *respondeat superior*, in that Defendant Officers performed the actions complained of while on duty and/or in the employ of Defendant City of Chicago, and while acting within the scope of their respective employment.

38. As a direct and proximate result of this conduct, Plaintiff did, in fact, suffer severe emotional distress, resulting in injury to his mind, body, and nervous

system, including loss of sleep, mental anguish, and excruciating physical pain and emotional suffering.

WHEREFORE the Plaintiff, TOMMIE HENDRICK, demands judgment against the Defendants, CITY OF CHICAGO and DEFENDANT OFFICERS, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

                                        Respectfully Submitted,

                                        **TOMMIE HENDRICK**

                       By:    s/ Jeanette Samuels
                                  *One of Plaintiff's Attorneys*

                                    Samuels & Associates, Ltd.
                                    2925 S. Wabash Avenue, Suite 104
                                    Chicago, Illinois 60616
                                    T: 872-588-8726
                                    F: 872-444-3011
                                    E: sam@chicivilrights.com